**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| Tim Ray, | Civil Action No.: 4:10-cv-67 |
| Plaintiff, | |
| v. | |
| Rickenbacker Group, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** <br> JURY |
| Defendants. | |

For this Complaint, the Plaintiff, Tim Ray, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Tim Ray ("Plaintiff"), is an adult individual residing in Humble, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Rickenbacker Group, Inc. ("Rickenbacker"), is a California business entity with an address of 15005 Concord Circle, Morgan Hill, California 95037, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Rickenbacker and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Rickenbacker at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.**     **The Debt**

8. A financial obligation (the "Debt") was incurred in connection with the towing of a vehicle formerly owned by the Plaintiff.

9. The Plaintiff sold the vehicle for $500 over four years ago.  The new owner failed to change the title of the vehicle from the Plaintiff's name to his own.  Subsequently, the vehicle was towed, and the new owner of the vehicle failed to pay the towing fee.

10. The Debt arose from services provided by a creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to Rickenbacker for collection, or Rickenbacker was employed by the creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.        Rickenbacker Engages in Harassment and Abusive Tactics**

13.    The Defendants telephoned the Plaintiff three to four times per week.

14.    The Defendants demanded that the Plaintiff pay the Debt and that he give them his credit card number.

15.    The Plaintiff explained to the Defendants that he did not incur the Debt and that he was not responsible for paying it.

16.    The Plaintiff requested that the Defendants stop contacting him regarding the Debt.  The Defendants continued to telephone the Plaintiff.

17.    The Defendants put a derogatory mark on the Plaintiff's credit report regarding the Debt.

18.    The Defendants telephoned the Plaintiff's parents and disclosed information regarding the Debt to them.

19.    The Defendants contacted the Plaintiff's parents after they had already located and contacted the Plaintiff.

20.    The Defendants contacted the Plaintiff after the Plaintiff requested verification of the debt but before Defendant provided said verification.

**C.        Plaintiff Suffered Actual Damages**

21.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

3

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that the Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that the Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that the Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that the Defendants misrepresented the character, amount and legal status of the debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that the Defendants failed to report that the debt was disputed to the credit bureaus.

30. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that the Defendants attempted to collect an amount not authorized by the agreement creating the debt.

31. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

35. The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

36. The Defendants caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

37. The Defendants attempted to collect a charge, fee or expense unauthorized by agreement, in violation of Tex. Fin. Code Ann. § 392.303(a)(2).

38. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

40. To establish a cause of action for intentional infliction of emotional distress, a plaintiff must show: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct was directed at the plaintiff or at a third person in the plaintiff's presence; (4) the defendant's conduct proximately caused the plaintiff emotional distress; and (5) the emotional distress suffered by the plaintiff was severe. *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998).

41. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

42. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Texas.

43. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent

Case 4:10-cv-00067   Document 1   Filed on 01/07/10 in TXSD   Page 7 of 7

invasions of privacy in an amount to be determined at trial for the Plaintiff;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 15, 2009

Respectfully submitted,
By: __/s/ Diana P. Larson_____
Diana P. Larson, *Attorney-in-Charge*
Texas Bar No. 24007799
Southern District Bar No. 24957
The Larson Law Office, PLLC
440 Louisiana, Suite 900
Houston, Texas  77002
Telephone:  (713) 221-9088
Facsimile:  (832) 415-9762
Email:  diana@thelarsonlawoffice.com

Of Counsel To:
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666

ATTORNEYS FOR PLAINTIFF

7